IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 15-po-9361** |
| **v.** | * | |
| | * | |
| | * | |
| **ORELL McDANIEL JR.,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | *********** | |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Orell McDaniel Jr. ("McDaniel")'s "Motion to Withdraw Guilty Plea and Request for a Hearing" (ECF No. 16), which the Court construes as a petition for writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651. The Government filed a response. ECF No. 17. McDaniel did not file a reply within the time prescribed by L.R. 105.2.a, 207, and Fed. R. Crim. P. 45(c). No hearing is necessary. L.R. 105.6. For the reasons stated below, McDaniel's "Motion to Withdraw Guilty Plea and Request for a Hearing," construed as a petition for writ of error *coram nobis*, is **DENIED**.

### BACKGROUND

Following the United States Park Police's stop of McDaniel's vehicle on the Baltimore-Washington Parkway on August 16, 2015, McDaniel was charged with operating a motor vehicle with a blood alcohol concentration ("BAC") of 0.08 or above in violation of 36 C.F.R. § 4.23(a)(2); unsafely operating a motor vehicle in violation of 36 C.F.R. § 4.22(b)(1); operating a motor vehicle while under the influence of alcohol in violation of 36 C.F.R. § 4.23(a)(1); and failing to stay in one lane in violation of Md. Code Ann., Transp. § 21-309(b). ECF Nos. 1, 3-5.

On January 14, 2016, McDaniel, represented by his former counsel, pleaded guilty to violating 36 C.F.R. § 4.23(a)(2). On the Government's motion, the Court dismissed McDaniel's other charges. ECF No. 13. The Court sentenced McDaniel to probation for six months and imposed a fine and costs in the total amount of $250.00. ECF No. 13. After completing his probation, McDaniel, through new counsel, filed on September 6, 2016, the present motion seeking to "withdraw his plea . . . pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure" because his former counsel did not advise him of the collateral consequence of a one-year disqualification of his Maryland commercial driver's license ("CDL") endorsement as a result of his DUI conviction. Def.'s Mot. ¶¶ 3-7, ECF No. 16. According to McDaniel, he would not have pleaded guilty if he had known that doing so would cause him to lose his Maryland CDL. *Id.* ¶ 5.

## DISCUSSION

**A.      Writ of Error *Coram Nobis***

Under Fed. R. Crim. P. 11(e), after the Court imposes sentence, a defendant may not withdraw a plea of guilty, and the plea may be set aside only on direct appeal or collateral attack. *See United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) ("After the imposition of a sentence, a guilty plea may be set aside pursuant to 28 U.S.C. § 2255."). McDaniel thus now may not withdraw his guilty plea under Fed. R. Crim. P. 11(d). He did not appeal to a United States District Judge under 18 U.S.C. § 3402 the sentence imposed by the undersigned under 28 U.S.C. § 636(a)(4) within the time prescribed by Fed. R. Crim. P. 58(g)(2)(B). *See United States v. Baxter*, 19 F.3d 155, 156-57 (4th Cir. 1994) (per curiam). McDaniel also did not file while on probation a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because he has completed his probation, McDaniel may not now seek relief under § 2255 because he is

no longer "in custody." *See* 28 U.S.C. § 2255(a); *United States v. Bryson*, 981 F.2d 720, 726 (4th Cir. 1992) (petitioner filed § 2255 motion before probationary period expired, satisfying custody requirement). Thus, the only avenue of relief available to him at this point is through a petition for a writ of error *coram nobis* under 28 U.S.C. § 1651(a), as "[a] petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 568 U.S. __, __ n.1, 133 S. Ct. 1103, 1106 n.1 (2013). *But see Carlisle v. United States*, 517 U.S. 416, 429, 116 S. Ct. 1460, 1468 (1996) (noting that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate" (alteration in original) (quoting *United States v. Smith*, 331 U.S. 469, 475 n.4, 67 S. Ct. 1330, 1334 n.4 (1947))).

A writ of error *coram nobis*, however, is an extraordinary remedy not to be granted unless an error "of the most fundamental character" has occurred and no other remedy would apply to correct the error. *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (quoting *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988)). Specifically, "[i]n order for a district court to reach an ultimate decision on coram nobis relief, a petitioner is obliged to satisfy four essential prerequisites." *Bereano v. United States*, 706 F.3d 568, 576 (4th Cir. 2013).

> *First*, a more usual remedy (such as habeas corpus) must be unavailable; *second*, there must be a valid basis for the petitioner having not earlier attacked his convictions; *third*, the consequences flowing to the petitioner from his convictions must be sufficiently adverse to satisfy Article III's case or controversy requirement; and, *finally*, the error that is shown must be "of the most fundamental character."

*Id.* (emphasis added) (citing *Akinsade*, 686 F.3d at 252). "[A]n error 'of the most fundamental character' is one that has 'rendered the proceeding itself irregular and invalid.'" *Id.* (quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S. Ct. 16, 20 (1914)). "When a defendant seeks to

3

vacate a guilty-plea conviction by way of coram nobis, great caution is warranted." *United States v. George*, 676 F.3d 249, 257 (1st Cir. 2012). This is so because "[w]ords have meaning," and an error of the most fundamental character, at the very least, "must be more than a factual insufficiency that the petitioner's voluntary decisions may have caused." *Id.* at 258; *see United States v. Reed*, No. 3:05-CR-3, 2016 WL 3580770, at *5 (N.D.W. Va. June 28, 2016), *appeal filed*, No. 16-6902 (4th Cir. July 12, 2016).

Here, as noted previously, McDaniel "cannot seek relief under the typical remedies for a direct or collateral attack of a federal judgment and sentence because he is no longer in custody," so the first prerequisite is met. *Akinsade*, 686 F.3d at 252. Further, the third prerequisite is satisfied, as "the loss of the right to hold occupational licenses might be a sufficient collateral consequence to justify issuance of a writ of error coram nobis." *Thomas v. United States*, Civil Action No. RWT-10-2274, 2011 WL 1457917, at *2 (D. Md. Apr. 15, 2011) (citing *United States v. Keane*, 852 F.2d 199, 203 (7th Cir. 1988)), *amended*, No. RWT 10CV2274, 2012 WL 37521 (D. Md. Jan. 6, 2012). McDaniel presents no valid reason for not attacking his conviction earlier to satisfy the second prerequisite, however. According to McDaniel, while he was on probation, the Maryland Motor Vehicle Administration (the "MVA") notified him on April 19, 2016, of his one-year disqualification of his CDL endorsement beginning on May 4, 2016. Def.'s Mot. ¶¶ 4, 11, ECF No. 16. Without explanation, McDaniel did not file a § 2255 motion while he was on probation, but he instead filed the present "Motion to Withdraw Guilty Plea" almost five months after the MVA's notification. Absent "sound reasons . . . for failure to seek appropriate earlier relief," McDaniel cannot avail himself of the remedy of a writ of error *coram nobis*. *United States v. Morgan*, 346 U.S. 502, 512, 74 S. Ct. 247, 253 (1954).

B.     **Fundamental Error**

In any event, even if McDaniel had valid reasons for failing to attack his conviction earlier, he fails to demonstrate an error "of the most fundamental character." He contends that his plea was not knowing and intelligent because neither his former counsel nor the Court informed him of the "direct consequences" of pleading guilty that "would cause him to lose his Maryland CDL and ultimately cause him to lose his sole source of employment." Def.'s Mot. ¶ 9, ECF No. 16. He also asserts that he was denied the effective assistance of counsel. *Id.* ¶ 12. As discussed below, McDaniel's arguments are unavailing.

1.     **Voluntariness of McDaniel's Guilty Plea**

The Court first turns to McDaniel's contention that his plea was not knowing and intelligent because the Court did not inform him of the collateral consequences of pleading guilty. Def.'s Mot. ¶ 9, ECF No. 16. Fed. R. Crim. P 11 "sets out the information a court is to convey to ensure that a defendant who pleads guilty understands the consequences of the plea." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012). "The Rule 11 colloquy is designed to provide a structure to protect the defendant against making an uninformed and involuntary decision to plead guilty and to protect the public from an unjust judgment of guilty when a public trial has not been conducted." *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). "[A] court must inform the defendant of and determine that he understands the mandatory minimum penalty provided by law, if any; the maximum possible penalty provided by law for the offense to which the plea is offered; and any applicable forfeiture." *Nicholson*, 676 F.3d at 381; *see Lockard v. United States*, Civil Action No. DKC 14-1634, 2014 WL 3881957, at *2 (D. Md. Aug. 6, 2014).

"For a guilty plea to be constitutionally valid, a defendant must be made aware of all the 'direct,' but not the 'collateral,' consequences of his plea." *Meyer v. Branker*, 506 F.3d 358, 367-68 (4th Cir. 2007). "'Direct' consequences have 'a definite, immediate and largely automatic effect on the range of the defendant's punishment.' A consequence is 'collateral' when it is uncertain or *beyond the direct control of the court*." *Id.* at 368 (emphasis added) (citation omitted); *see United States v. Gonzalez*, 202 F.3d 20, 27 (1st Cir. 2000) ("What renders the plea's . . . effects 'collateral' is not that they arise 'virtually by operation of law,' but the fact that [the consequence] is 'not the sentence of the court which accept[s] the plea but of another agency over which the trial judge has no control and for which he has no responsibility.'" (alteration in original)), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010); *Lockard*, 2014 WL 3881957, at *2. Thus, "a defendant need not be informed, before pleading guilty to a charge of driving while intoxicated, that as a collateral consequence of his conviction, his driver's license will be suspended." *Moore v. Hinton*, 513 F.2d 781, 782-83 (5th Cir. 1975).

"Here, the possibility that the MVA would revoke [McDaniel's CDL] for one year as a result of [his] guilty plea was a matter beyond the control and responsibility of the district court." *Lockard*, 2014 WL 3881957, at *2; *cf. Hall v. Gainsheimer*, 137 F. App'x 866, 869 (6th Cir. 2005) ("As a *judge-imposed punishment* made part of [the defendant's] sentence, the suspension of [the defendant's] driver's license constituted a direct consequence of [the defendant's] guilty plea. It was *not a collateral consequence* to be imposed, if at all, by an agency or party external to the court." (emphasis added)). In McDaniel's case, "the *MVA* took separate, administrative action concerning [his CDL], a consequence not imposed by the court as a result of the plea and

beyond its direct control." *Lockard*, 2014 WL 3881957, at *3. He thus has failed to show that the Court's failure to disclose the collateral consequence of his guilty plea is fundamental error.

## 2. Effectiveness of McDaniel's Counsel

McDaniel further maintains that his plea was not voluntary because his former counsel was ineffective, in violation of the Sixth Amendment. Def.'s Mot. ¶ 12, ECF No. 16. He contends that, had his former counsel been effective, he would not have pleaded guilty and would have insisted on proceeding to trial. Ineffective assistance of counsel is the type of fundamental error that may subject a conviction to attack through a writ of error *coram nobis*. *Akinsade*, 686 F.3d at 252-53. Because McDaniel fails to show that he was denied effective assistance of counsel at the time he entered his plea, however, his argument in this regard also is unavailing.

A defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. __, __, 132 S. Ct. 1376, 1384 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57-58, 106 S. Ct. 366, 369-70 (1985). To establish a claim of ineffective assistance of counsel, McDaniel must show that his counsel's performance fell below an objective standard of reasonableness (the "performance prong"). *See Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064-65 (1984). He also must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the "prejudice prong"). *Id.* at 694, 104 S. Ct. at 2068. "The defendant bears the burden of proving *Strickland* prejudice. If the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citation omitted). The Court thus considers first the prejudice to McDaniel.

McDaniel asserts that, had he known of the consequences of pleading guilty, he would not have done so and would have insisted on proceeding to trial. Indeed, when a defendant challenges a conviction entered after a guilty plea, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. However, McDaniel "fails to claim that but-for his attorney's errors, the result in this case would have been different and [he] would not have been convicted." *Withanachchi v. United States*, 803 F. Supp. 2d 360, 368 (D. Md. 2011). "In considering whether the result would have been different, a court should 'presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law.'" *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

Here, the facts suggest that, even if McDaniel had not pleaded guilty, he very likely would have been found guilty at trial. The record in this case shows that McDaniel pleaded guilty as part of a plea bargain in which the Government moved to dismiss three other charges. Further, the record shows that testing of McDaniel's BAC at the time of his DUI arrest revealed results of 0.135 and 0.140. Despite McDaniel's assertion that he "believed that he had a substantial issue that the stop was illegal" (Def.'s Mot. ¶ 12, ECF No. 16), he demonstrates no Fourth Amendment violation that would have resulted in exclusion of this evidence. He fails to allege that, but for his former attorney's performance and his decision to plead guilty, there is any reason to believe that he would not have been convicted. *See Withanachchi*, 803 F. Supp. 2d at 367-68. In short, he fails to show that "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Absent prejudice to McDaniel under

*Strickland* that would demonstrate fundamental error, his claim of ineffective assistance of counsel is without merit and is not grounds for the extraordinary remedy of *coram nobis*.[1]

## CONCLUSION

McDaniel's motion to withdraw his guilty plea is untimely under Fed. R. Crim. P. 11(e). Because he neither appealed his conviction nor sought to attack collaterally his sentence, the only remedy available to him now is a writ of error *coram nobis*. McDaniel provides no valid reason for not having attacked earlier his conviction, and he also has not shown fundamental error that would warrant granting him *coram nobis* relief, however. McDaniel's "Motion to Withdraw Guilty Plea and Request for a Hearing" (ECF No. 16), construed as a petition for writ of error *coram nobis*, thus is **DENIED**.

Date: October 18, 2016

/s/
Thomas M. DiGirolamo
United States Magistrate Judge

---

[1] Even though McDaniel's failure to prove *Strickland* prejudice precludes *coram nobis* relief, his ineffective-assistance-of-counsel claim also fails under *Strickland*'s performance prong. In *Padilla*, the Supreme Court held that counsel's performance was deficient when counsel failed to advise the defendant that his plea of guilty subjected him to automatic deportation. *Padilla*, 559 U.S. at 368-69, 130 S. Ct. at 1483-84. "Deportation is a much more severe consequence of a criminal conviction than being deprived of the ability to pursue one's chosen profession," however, and McDaniel "points to no authority supporting [a] claim that any competent counsel would advise a criminal defendant of potential employment-related consequences of a guilty plea." *Thomas*, 2011 WL 1457917, at *4.